JOHN C. STICKNEY *et al.*, appellants, *v.* JACOB CASSELL, appellee.

*Appeal from Gallatin.*

It is a general rule, that when the overruling of a motion for a new trial, on the ground of the verdict being contrary to evidence, is assigned for error, it should appear to the Court that all the evidence given on the trial below is preserved for their consideration. But the Court, however, will be satisfied, if it has before it all testimony upon which its judgment is to be predicated.

A party contracted to put all his hands upon a certain building at a stipulated sum *per diem,* and then put them at work to complete any carpenter's work the other party should wish, at specified prices, "including the work upon said building, being the making of a number of window and door pannels, &c." and the contract, after sundry recitals, concluded thus,—"finally, when the job shall be completed, the said Stickney will pay, on settlement, the balance," &c. The contractor sued upon the agreement, to recover damages alleged to have been sustained by reason of the defendants' refusal to permit to complete the building. The contract was given in evidence, from which it did not appear, by express stipulation, or otherwise, that the defendants bound themselves to allow the plaintiff to complete the carpenter's work of the building. Neither was there any testimony tending to show that the defendants hindered, or prevented the plaintiff from completing the building: *Held,* that he could not recover in this action, the evidence not supporting the declaration.

ASSUMPSIT, in the Gallatin Circuit Court, brought by the appellee against the appellants, and tried at the May term 1843, before the Hon. Walter B. Scates and a jury. Verdict and judgment for the plaintiff below for $500.

The various proceedings in the cause are set forth in the Opinion of the Court, so far as were necessary to a proper determination thereof.

*W. H. Stickney,* for the appellants:

The contract declared on does not sustain the action.

When a special contract is declared on, the proof should sustain the allegations precisely as laid. *Mastin* v. *Toncray,* 2 Scam. 216.

This action was against the defendants jointly, and no proof of joint liability. *Wells* v. *Reynolds,* 3 Scam. 191.

No proof of breach, that defendants hindered or discharged the plaintiff.

The agreement has but one interpretation, to wit: that Stickney & Co. were to employ Cassell's hands by the day at the stipulated price, and then to employ them to complete any work said Stickney & Co. *"wished."*

*A. Lincoln*, for the appellee:

So far as it appears, the motion for a new trial was not improperly overruled, the bill of exceptions not averring that it contains all the evidence. *Harmon* v. *Thornton*, 2 Scam. 351; *Rogers* v. *Hall*, 3 do. 6, 7; *McKee* v. *Ingalls*, 4 do. 30; *Rowan* v. *Dosh*, Ib. 460.

The Opinion of the Court was delivered by

WILSON, C. J.* This action is brought by the plaintiff below against the defendants as partners, upon a contract in writing relative to the carpenter's work of a house.

The terms of the contract are, "that Cassell is to put all his hands upon Stickney's building at $2·50 per day, and then to put all his hands at work to complete any carpenter's work the said Stickney and company wishes," at the prices therein specified, "including the work upon said building, being the making of a number of window and door pannels, &c.," and then, after providing for the manner in which the work is to be done, and the price thereof, it concludes by saying, and "finally when the job shall be completed, the said Stickney will pay on settlement the balance," &c.

Upon this contract the plaintiff below has brought his action, not for the price of the work performed, nor for damages sustained in not being permitted to perform that specified in the article of agreement, but to recover damages which he alleges he has sustained by reason of the defendants refusing to permit him to complete the building, by the performance of all the work necessary for that purpose over and above that specified.

The declaration sets out the contract correctly, except

---

*LOCKWOOD, J. did not hear the argument in this case, and gave no opinion. SCATES, J. gave no opinion, having presided at the trial below.

that it alleges, that by its terms the plaintiff was entitled to complete the building, but was prevented by the defendant from so doing, by reason of which he has lost the profits of said work, and sustained damages to the amount of $ •

The defendants pleaded *non assumpsit*, and jointly or severally, six other pleas, together with several notices of special matter of defence. It may be gathered from the record, that issue was taken, or replication filed to all the pleas, except the plea of former recovery, which was demurred to, but no disposition appears to have been made of this demurrer, or of several exceptions that were taken to notices of special matter of defence. In fact all the proceedings in the Court below, as they are presented by the record, appear to have been so irregular and confused, as to render it exceedingly doubtful upon what issues or questions the Court below adjudicated. It appears, however, that one of the defendants was acquitted, and a verdict of $500 damages rendered against the other. The defendants then moved the Court for a new trial. The motion was overruled, and judgment entered upon the verdict. This decision, overruling the application for a new trial, is one of several assignments of error by the defendants, and raises the question as to the sufficiency of the contract offered in evidence to support the plaintiff's action.

The bill of exceptions taken by the defendant, sets out the contract declared on, but inasmuch as it does not say that this is all the evidence of contract offered by the plaintiff, counsel objected to its being so considered by the Court. It is certainly true, as a general rule, that when the overruling of a motion for a new trial on the ground of the verdict being contrary to evidence is assigned for error, it should appear to this Court, that all the evidence given on the trial below is preserved for their consideration. But whether that fact appears from an express averment to that effect in the bill of exceptions, or is rendered manifest in any other way, is perfectly immaterial. All that the Court requires, is to be satisfied that it has before it all testimony upon which its judgment is to be predicated, and there is enough for that purpose in this case. The action is brought upon a written

agreement between the parties, which is set out so fully in the declaration, as to leave no question as to its identity. It is obvious, therefore, that under the rules of practice, no other contract, either written or verbal, could have been given in evidence. A statement, therefore, that this was all the evidence upon this point, would have been superfluous.

It also insisted that the defendant's objections to the contract come too late; that the variance between it and the contract should have been taken advantage of, by moving to exclude it from being read in evidence. That would doubtless have been the defendant's proper course to effect that object; but it is not a mere technical variance that he now objects to, but the total insufficiency of the contract declared on to support the action, because of its containing no such promise as he is charged with the breach of. If this be true, the defect is such as may be taken advantage of on motion for a new trial, notwithstanding the omission of the defendant to avail himself of it at an earlier period.

The only question, then, to be settled, is as to the liability of the defendant upon his contract in this relation, and that is one of easy solution. Except as to the price and time of payment for the work, the parts of the contract recited contain all the stipulations of either party, and none of these bind the defendant to allow the plaintiff to complete the carpenter's work of the building, nor will they admit of any such inference. On the contrary, the amount of work, and the order of time in which it is to be presumed is expressly referred to the discretion of the defendant. It is agreed that Cassell shall put all his hands at work upon the building of Stickney, and then to put them at work upon such parts of the building, and do such other work as the said Stickney may wish, including the making of a number of window and door frames, at specified prices, and concludes, that when the job is finished, Stickney will pay the balance, &c. There is certainly nothing in the terms, or nature of this agreement that can convey the idea, that the plaintiff was entitled to do more of the work required to complete this building than that specified. The expression, "when the job is finished," clearly

relates to the job, or work specified. It cannot be understood as referring to the finishing the building, for that is not provided for, or even mentioned in any part of the contract.

It is also worthy of remark, that there is no testimony going to show that the defendant in any way hindered or prevented the plaintiff from completing the building. But without considering this ground of defence, the total absence in the contract, of any agreement on the part of the defendant, to employ, or allow the plaintiff to finish the house, precludes a recovery in this action. It is not pretended that the plaintiff has not received payment for all the work done, but he sues for the damage he alleges he has sustained in not being permitted to do more. If the defendant had contracted to that effect, and violated his contract, he would undoubtedly have been liable, but there is no such stipulation in the contract, and the defendant is not bound beyond his undertaking, nor can his omission to object to the contract being read in evidence on the trial, extend his obligation, so as to make him liable for the breach of an engagement he never entered into. No additional efficacy was imparted to the contract, by giving it in evidence, and inasmuch as it neither supports the declaration, nor contains the covenant which the defendant is charged with the breach of, the verdict of the jury was against evidence, and ought to have been set aside.

New trial awarded, and case remanded for further proceedings.

*Judgment reversed.*